David Abrams, Attorney at Law
305 Broadway Suite 601
New York, NY 10007
Tel. 212-897-5821 dnabrams@gmail.com

FILED
U.S. DISTRICT COURT

2015 MAY 11 AM 10: 54

S.D. OF N.Y.W.P.

United States District Court
Southern District of New York

Tomasz Laskawski,

        Plaintiff,

- against -

Brian Boru of Westchester, Inc. a/k/a
Brian Boru Concessions of Westchester, Inc.

        Defendant.

No. 15 CV 3631

**Complaint**

JUDGE KARAS

Plaintiff, complaining of the Defendant by his attorney, David Abrams, Attorney at Law, respectfully set forth and allege as follows:

## I. Introduction

1. This is an action for unpaid wages and overtime under the Fair Labor Standards Act; the New York Minimum Wage Act and New York Labor Law. Plaintiff complains collectively, however this is not a class action.

## II. Parties

2. Plaintiff is a natural person.

3. Defendant Brian Boru of Westchester, Inc. a/k/a Brian Boru Concessions of Westchester, Inc. (the "Employer" or "Defendant") is a New York corporation.

### III. Venue and Jurisdiction

4. The Court has subject matter jurisdiction over this matter in that Plaintiff asserts claim under federal law -- a claim under the Fair Labor Standards Act -- and the remaining claims are part of the same case or controversy.

5. The Court has personal jurisdiction over the Defendants in that this matter arises from the Defendants' employment of the Plaintiff at its facility which is located at 810 Yonkers Avenue, Yonkers, New York 10704.

6. Venue is appropriate in that the Defendant resides in Westchester County, New York.

### IV. Background

7. At all times relevant to this complaint, the Employer operated a concessional facility at Yonkers Raceway in Westchester County, New York

8. Plaintiff was employed by the Employer as a bartender for approximately 6 months until his separation from employment in or about December of 2014.

9. While employed by the Employer, Plaintiff regularly worked in excess of 40 hours per week but was not paid proper wages and overtime wages as required by the Fair Labor Standards Act and New York Minimum Wage Act.

10. In other words, Plaintiff never received the minimum wages required by the Fair Labor Standards Act or the New York Minimum Wage Act.

### V. Causes of Action and Demand for Relief

<u>Count One: Violation of New York Wage & Hour Law</u>

11. The allegations contained in the preceding paragraphs are incorporated as if restated herein.

12. Plaintiff was an employee of the Employer within the meaning of the New York Minimum Wage Act and accompanying regulations.

13. The Employer was an employer within the meaning of those same regulations.

14. The Defendants violated the above law and regulations in that they did not properly compensate Plaintiff for the hours and overtime hours he worked.

## Count Two: Violation of the Fair Labor Standards Act

15. The allegations contained in the preceding paragraphs are incorporated as if restated herein.

16. At all times relevant to this Complaint, the Employer's gross annual sales made or business done was not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

17. Further, at all times relevant to this Complaint, the Employer had more than one employee who, in the course of their employment, regularly handled goods which crossed state or international lines or regularly sent communications such as telephone calls, letters, or electronic mail across state lines.  For example, the Employer regularly served spirits, beers, and wines which were distilled, brewed, or fermented outside of the State of New York.

18. Accordingly, the Employer is a covered employer under the Fair Labor Standards Act.

19. The Employer violated the Fair Labor Standards Act in that it did not properly compensate Plaintiff for the hours and overtime hours he worked.

**[continued on next page]**

WHEREFORE Plaintiff demand judgment against the Defendants in the amount of his unpaid back wages, overtime and liquidated damages, in an amount not more than $50,000.00 each together with attorneys fees and costs, certifying this matter as a collective action with appropriate notice and participation to persons similarly situated to Plaintiff, and such other and further relief that the Court deems just.

                              Respectfully submitted,

                              David Abrams  
                              Attorney for Plaintiff  
                              305 Broadway Suite 601  
                              New York, NY 10007  
                              Tel. 212-897-5821  
                              Fax    212-897-5811

Dated: May 10, 2015  
New York, New York