BLEAKLEY PLATT & SCHMIDT, LLP
One North Lexington Avenue
White Plains, New York 10601
Tel. No.: (914) 949-2700
Fax No.: (914) 683-5956
Joseph DeGiuseppe, Jr. (JD 6376)
Justin M. Gardner (JG 6169)
*JDeGiuseppe@bpslaw.com*
*JGardner@bpslaw.com*

ATTORNEYS FOR DEFENDANT

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~X

TOMASZ LASKAWSKI,

Plaintiff,

*-against-*

**Case No. 15-CV-3631 (KMK)**

BRIAN BORU OF WESTCHESTER, INC. a/k/a BRIAN BORU CONCESSIONS OF WESTCHESTER, INC.,

**ANSWER**

Defendant.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~X

Defendant BRIAN BORU OF WESTCHESTER, INC. a/k/a BRIAN BORU CONCESSIONS OF WESTCHESTER, INC., ("Defendant"), by and through its attorneys, Bleakley Platt & Schmidt, LLP, for its Answer to Plaintiff's Complaint, dated May 10, 2015, states as follows:

**AS TO THE INTRODUCTION**

1. Defendant denies each and every allegation set forth in Paragraph 1 of the Complaint, except admits that Plaintiff TOMASZ LASKAWSKI ("Plaintiff"), alleges causes of action in the Complaint pursuant to the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL"), and the regulations promulgated thereunder.

**AS TO THE PARTIES**

2. Defendant admits the allegations of Paragraph 2 of the Complaint.

3. Defendant admits the allegations of Paragraph 3 of the Complaint, and affirmatively states that the correct corporate name of Defendant is Brian Boru of Westchester, Inc.

**AS TO JURISDICTION AND VENUE**

4. Defendant admits the allegations of Paragraph 4 of the Complaint.

5. Defendant admits the allegations of Paragraph 5 of the Complaint.

6. Defendant admits the allegations of Paragraph 6 of the Complaint.

**AS TO BACKGROUND**

7. Defendant denies the allegations of Paragraph 7 of the Complaint, and affirmatively states that it is a New York corporation which provides food and beverage services to Yonkers Racing Corporation dba Empire City at Yonkers Raceway.

8. Defendant admits the allegations of Paragraph 8 of the Complaint.

9. Defendant denies the allegations of Paragraph 9 of the Complaint.

10. Defendant denies the allegations of Paragraph 10 of the Complaint.

**AS TO THE CAUSES OF ACTION AND DEMANDS FOR RELIEF**

**Count One: Violation of New York Wage & Hour Law**

11. Defendant repeats and realleges the responses of Paragraphs 1 through 10 above as if fully set forth herein.

12. Defendant admits the allegations of Paragraph 12 of the Complaint.

13. Defendant admits the allegations of Paragraph 13 of the Complaint.

14. Defendant denies the allegations of Paragraph 14 of the Complaint.

**Count Two: Violation of the Fair labor Standards Act**

15. Defendant repeats and realleges the responses of Paragraphs 1 through 14 above as if fully set forth herein.

16. Defendant admits the allegations of Paragraph 16 of the Complaint.

17. Defendant admits the allegations of Paragraph 17 of the Complaint.

18. Defendant admits the allegations of Paragraph 18 of the Complaint.

19. Defendant denies the allegations of Paragraph 19 of the Complaint.

**FIRST AFFIRMATIVE DEFENSE**

20. The Complaint should be dismissed because it fails to state a claim, in whole or in part, upon which relief could be granted.

**SECOND AFFIRMATIVE DEFENSE**

21. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

**THIRD AFFIRMATIVE DEFENSE**

22. Plaintiff's claims are barred, in whole or in part, under the doctrine of accord and satisfaction.

**FOURTH AFFIRMATIVE DEFENSE**

23. The Complaint fails to state a claim, in whole or in part, upon which either liquidated damages or penalties may be awarded under either FLSA or the NYLL as the Defendants, at all times relevant to this action, have each acted in "good faith" and with "reasonable grounds for believing" that their acts were in compliance with applicable wage and hour laws.

**FIFTH AFFIRMATIVE DEFENSE**

24. The Complaint fails to state a claim, in whole or in part, upon which both liquidated damages and prejudgment interest may be awarded under either FLSA or the NYLL.

**SIXTH AFFIRMATIVE DEFENSE**

25. The requested FLSA collective action certification is inappropriate.

**SEVENTH AFFIRMATIVE DEFENSE**

26. Plaintiff is not "similarly situated" to the other employees in the alleged putative class.

**EIGHTH AFFIRMATIVE DEFENSE**

27. At all times relevant to the claims alleged in the Complaint, the terms of Plaintiff's employment with Defendant were subject to the provisions of a collective bargaining agreement between Defendant and UNITE HERE, AFL-CIO, Local 100 ("CBA") which addresses wages, hours and other conditions of employment.

28. The terms and conditions of the CBA fully comply with the wage and hour requirements of FLSA and the NYLL, including but not limited to the payment of overtime compensation.

29. At all times relevant to the claims alleged in the Complaint, Plaintiff has received compensation in accordance with the terms and conditions of the CBA.

**NINTH AFFIRMATIVE DEFENSE**

30. At all times relevant to this action, Plaintiff was employed as a "tipped employee" within the meaning of the FLSA and NYLL.

31. At all times relevant to this action, Defendant was entitled to take a "tip credit" against its FLSA and NYLL minimum wage obligations to Plaintiff.

32. At all times relevant to this action, Defendant compensated Plaintiff at the applicable tip credit rate in accordance with FLSA and the NYLL.

33. As a "tipped employee" is not entitled to receive the applicable minimum wage required to be paid to "non-tipped" employees.

34. At all times relevant to this action, Plaintiff was properly compensated by Defendant for all straight-time and overtime hours worked.

WHEREFORE, Defendant respectfully requests this Court to:

1. Dismiss the Complaint and all claims for relief set forth therein with prejudice;
2. Deny each and every demand for relief as set forth in the Complaint;
3. Strike Plaintiff's requested demand for a FLSA collective action certification; and
4. Grant Defendant such other and further relief as this Court may find to be just and proper, including costs incurred in defending this action.

Dated: White Plains, NY
June 12, 2015

Respectfully submitted,

BLEAKLEY PLATT & SCHMIDT, LLP

BY:______________________________
Joseph DeGiuseppe, Jr. (JD 6376)
*Attorneys for Defendant*
One North Lexington Avenue
White Plains, NY 10601
Tel. No.: (914) 949-2700
Fax No.: (914) 683-6956
*jdegiuseppe@bpslaw.com*

**CERTIFICATION OF SERVICE**

I hereby certify that on June 12, 2015, a copy of the attached Answer was filed electronically and service made by mail to anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Courts electronic filing system or by mail for anyone unable to accept electronic filing. Parties may access this filing through the Courts system.

Joseph DeGiuseppe, Jr. (JD 6376)