BLEAKLEY PLATT & SCHMIDT, LLP
One North Lexington Avenue
White Plains, New York 10601
Tel. No.: (914) 949-2700
Fax No.: (914) 683-5956
Joseph DeGiuseppe, Jr. (JD 6376)
Justin M. Gardner (JG 6169)
*JDeGiuseppe@bpslaw.com*
*JGardner@bpslaw.com*

ATTORNEYS FOR DEFENDANT

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~X
TOMASZ LASKAWSKI,

                Plaintiff,                **Case No. 15-CV-3631 (KMK)**

      -*against*-                       **DECLARATION**

BRIAN BORU OF WESTCHESTER, INC. a/k/a
BRIAN BORU CONCESSIONS OF WESTCHESTER,
INC.,

                Defendants.
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~X

      I, STEPHEN WHITE, hereby state and declare as follows:

      1.      I am the General Manager of Defendant Brian Boru Of Westchester, Inc. ("Defendant" or "Brian Boru"). I am fully familiar with the facts and circumstances stated herein, and submit this Declaration in opposition to the Plaintiffs' Motion For Class Certification.

      2.      Brian Boru is a New York corporation which provides food and beverage services to the Empire City at Yonkers Raceway Casino (the "Casino"). Brian Boru currently employs individuals in various full and part-time food and beverage service positions at the Casino, including the positions of bar tenders and barbacks.

3. All regular full and part-time bar tenders and barbacks, among other food and beverage job classifications, employed by Brian Boru are represented by UNITE HERE, AFL-CIO, Local 100 ("Local 100" or "Union"). Local 100 and Brian Boru have had a longstanding collective bargaining relationship and were most recently parties to a collective bargaining agreement for the period from October 11, 2012 through October 11, 2015 ("Local 100 CBA"), a true and correct copy of which is attached to this Declaration as Exhibit 1.

4. Plaintiff was employed with Brian Boru as a bartender for the 22-week period from July 9, 2014 to December 5, 2014, when his employment was terminated for his refusing to take a required employment-related drug test. The terms and conditions of his employment with Brian Boru were governed by the Local 100 CBA.

5. Under Article 14, entitled Wages and Hours, of the Local 100 CBA, bar tenders and barbacks are paid overtime compensation for services either beyond 36 hours per week or seven hours in an eight hour per day work schedule with one hour being allocated to an unpaid meal break.

6. Attached as Exhibit 2 to this Declaration is a true and correct copy of the payroll records for Plaintiff's 22-week period of employment with Brian Boru from July 9, 2014 to December 5, 2014. My review of Plaintiff's payroll records confirms that he did receive overtime compensation during 18 of the 22 weeks in which he was employed with Brian Boru.

7. From my review of the time entry screen shots attached as Exhibits A and B to Plaintiff's Affirmation, I understand that Plaintiff is claiming that he did not receive a *daily* overtime payment for an extra 45 minutes of work beyond his scheduled seven hours of work on September 19th. My review of these two screen shots also revealed that Plaintiff would have only worked 35 and 3/4 hours for the work week ended September 23, 2014 even if he had been

given credit for an additional 45 minutes of work on September 19th. There is no indication in either Exhibit A or Exhibit B to Plaintiff's Affirmation that he would have worked more than 40 hours during the week in question even if he had been given credit for the 45 minute period at issue in this action.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: November 12, 2015
       White Plains, NY

/s/ Stephen White
Stephen White